# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:18-cv-00051-MR
# (CRIMINAL CASE NO. 1:16-cr-00051-MR-DLH-1)

| | |
|---|---|
| LARRY BROWN, ) ) Petitioner, ) ) vs. ) ) UNITED STATES OF AMERICA, ) ) Respondent. ) _____ ) | **MEMORANDUM OF DECISION AND ORDER** |

**THIS MATTER** is before the Court on Petitioner's "Motion to Withdraw Guilty Plea" that has been construed as a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 [Doc. 1].[1]

## I. BACKGROUND

Petitioner and three co-defendants were charged in the underlying criminal case in connection with a drug trafficking conspiracy. Specifically, Petitioner was charged with conspiracy to possess with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount

---

[1] The Court provided Petitioner warnings pursuant to Castro v. United States, 540 U.S. 375 (2003), before recharacterizing his pleading as a § 2255 Motion to Vacate. [See Criminal Case No. 1:16-cr-00051 ("CR"), Doc. 137].

of methamphetamine (Count One); distribution of a detectable amount of methamphetamine (Count Nine); and distribution of 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine (Count Ten). [CR Doc. 14].

Petitioner pled guilty to Count One in exchange for the Government's dismissal of the remaining counts. He signed a written plea agreement in which he acknowledged: his minimum and maximum sentencing exposure; that the sentence had not yet been determined and an advisory guideline sentence would be calculated; that the sentence, up to the statutory maximum, would be determined at the Court's sole discretion; and that Petitioner would not be able to withdraw the plea as a result of the sentence imposed. [CR Doc. 76 at 1-2]. The plea agreement sets forth the rights Petitioner was waiving by pleading guilty including the right to a jury trial with the assistance of counsel, the right to confront and cross-examine witnesses, and the right not to be compelled to incriminate himself. [Id. at 4-5]. Petitioner expressly agreed to waive his appellate and post-conviction rights except for claims of ineffective assistance of counsel and prosecutorial misconduct. [Id. at 5].

A Rule 11 hearing was held before Magistrate Judge Howell on August 25, 2016. At that time, Petitioner stated that he and counsel had reviewed

the Indictment and the plea agreement together and that Petitioner was pleading guilty to Count One of the Indictment. [CR Doc. 78 at 2]. Judge Howell read aloud the statutes to which Petitioner was pleading guilty and explained the elements of the offense. [Id. at 2-3]. Judge Howell also advised Petitioner of his potential sentencing exposure. [Id. at 3]. Petitioner stated that he understood the charges against him, including the maximum and minimum penalties and the elements of the offense. [Id. at 4]. Petitioner agreed that counsel had discussed the sentencing guidelines with him and that he understood the Court could impose any sentence within the statutory limits that may be lower or higher than the guidelines range. [Id. at 5]. He stated that he understood that the plea would be binding even if the sentence were more severe than he expected. [Id.]. Petitioner confirmed that by pleading guilty, he was waiving the right to plead not guilty, the right to have a speedy trial before a jury with the assistance of counsel, the right to summon witnesses to testify on his behalf, the right to confront witnesses against him, and the right to receive the presumption of innocence. [Id. at 6]. Petitioner agreed that he was, in fact, guilty of Count One and that he had committed the acts alleged in the Indictment. [Id.].

Petitioner stated that his plea was freely and voluntarily entered with a full understanding of what he was doing, that he was not promised anything

3

other than the promises contained in the plea agreement, and that he was not threatened in any way to enter the plea against his wishes. [Id. at 7]. Petitioner acknowledged that he knowingly and willingly waived accept the plea agreement's limitation on the right to appeal and file post-conviction proceedings. [Id. at 8]. Petitioner confirmed that he had had ample time to discuss possible defenses with counsel and was entirely satisfied with counsel's services. [Id.].

In support of Petitioner's guilty plea, the parties submitted a written factual basis that sets forth the following information with regards to Petitioner:

> … CS3 told investigators that LARRY BROWN was one of [co-defendant] MEDINA's associates. CS3 explained that BROWN distributes crystal meth from the Atlanta, Georgia area to the Cherokee, North Carolina area. CS3 consented to the monitoring of his/her cellular telephone regarding communications with BROWN. CS3 contacted BROWN who agreed to travel to North Carolina and meet with CS3 and supply him/her with crystal meth.
> …
>
> CS3 continued to communicate to BROWN about his intended travel to North Carolina [on March 25, 2016]. CS3 gave BROWN his/her address. BROWN … met with CS3 … then followed CS3 to [a residence].
>
> CS3 and BROWN talked about BROWN's drug trafficking activities with MEDINA. BROWN took a call, it was MEDINA. CS3 overheard BROWN agreeing to meet up with MEDINA at MEDINA's motel room after he left CS3. BROWN then "fronted"

4

> CS3 29 grams of crystal meth…. The buy was captured on the recording.
>
> …
>
> Trooper Dietz located the [vehicle carrying] BROWN … on Highway 441 North and pulled him over. Trooper Dietz exited his vehicle to approach … when BROWN sped off. Other members of the NCSHP, the CIPD and the National Park Service ("NPS") joined the pursuit. Trooper Dietz observed BROWN throwing bags of a white substance from his vehicle during the pursuit. The pursuit ended when BROWN crashed into another vehicle…. BROWN fled on foot and was chased by investigators…. BROWN made it ¾ of a mile before investigators caught him and took him into custody.
>
> Investigators recovered the bags of crystal meth – totaling approximately 92.6 grams – that BROWN tossed from [his vehicle] during the pursuit. Investigators also seized a black bank bag and a set of digital scales from the vehicle.

[CR Doc. 77 at 6-9]. Petitioner certified that the written factual basis is true and accurate and that, if the matter had proceeded to trial, the Government would have been able to prove the statements in the factual basis beyond a reasonable doubt. [CR Doc. 80].

On April 10, 2017, the Court sentenced Petitioner to a term of 151 months' imprisonment followed by five years of supervised release. [CR Doc. 120]. Petitioner did not appeal.

Petitioner filed the instant Motion to Vacate on December 18, 2017, which states, *verbatim*:

> Comes now, Larry Brown, the defendant in the above-styled case, and files this his motion to withdraw guilty plea and gives reason in support as follows:

5

(1) The guilty plea was made involuntarily and unintelligently;
(2) The defendant was denied the right to effective assistance of counsel;
(3) There was no factual basis for the guilty plea;
(4) The defendant was not advised of the constitutional rights he would be waiving;
(5) The defendant was not made aware of the elements of the charges;
(6) The defendant was not made aware of the nature of the charges;

Wherefore, the defendant prays the court grant the following:

(1) Hearing on the motion;
(2) Issue a production order;
(3) Issue a Rule Nisi;
(4) and any other relief the court deems appropriate.

[Doc. 1].

Petitioner has attached to the Motion to Vacate 18 pages of exhibits including documents entitled "Ecclesiastical Deed Poll" [Doc. 1 at 2], "Letter Rogatory of Relief Under the Hague Convention Title § 1781" [Doc. 1 at 3], "Notice: Rescind All Signatures NUNC PRO TUNC" [Doc. 1-1 at 11], and "Notice of Waiver of Benefits and Privileges and Notice dissolving all adhesion contracts NUNC PRO TUNC" [Doc. 1-1 at 12]. These documents make a wide variety of allegations in an apparent attempt to undermine Petitioner's criminal conviction. For instance, Petitioner demands that his "name be cleared of this alleged criminal case" because, *inter alia*, the court

is not really a court under the constitution, but rather, is operated as a private corporation. Further, Petitioner alleges that he has learned of fraud that goes on "behind the scenes" in criminal cases so he is "letting the court know that [he] is opting out of any contract and do[es] not allow any documents regarding [him] or [his] cestui que trust to be securitized and sold to any investors etc.," and that civil cases are often fraudulently called criminal cases and, after defendants are found guilty, the court clerk sells the judgments to the federal courts where they become securities and are sold as bonds. [Doc. 1-1 at 2].

## II. STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. In many cases, an evidentiary hearing is required to determine whether or not counsel was ineffective for misadvising a petitioner about a plea offer. See generally United States v. Witherspoon, 231 F.3d 923, 926–27 (4th Cir. 2000); 28 U.S.C.A. § 2255(b). After examining the record in this matter, the Court finds that the arguments presented by Petitioner can be

7

resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

### A. Involuntary Plea Claim

First, Petitioner contends that his guilty plea was not knowingly and voluntarily entered.

This claim is procedurally defaulted from § 2255 review. "Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal." Bousley v. United States, 523 U.S. 614, 621 (1998) (internal citations omitted) ("the voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review."); United States v. Sanders, 247 F.3d 139, 144 (4th Cir. 2001). In order to collaterally attack a conviction or sentence based upon errors that could have been but were not pursued on direct appeal, a petitioner must show cause and actual prejudice resulting from the errors of which he complains or he must demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack. See United States v. Frady, 456 U.S. 152, 167-68 (1982); United States v. Mikalajunas, 186 F.3d 490, 492–93 (4th Cir. 1999); United States v. Maybeck, 23 F.3d 888, 891-92 (4th Cir. 1994). Actual prejudice is then shown by demonstrating that the error worked to

petitioner's "actual and substantial disadvantage," rather than just creating a possibility of prejudice. See Satcher v. Pruett, 126 F.3d 561, 572 (4th Cir. 1997) (quoting Murray v. Carrier, 477 U.S. 478, 494 (1986)). To establish cause based upon ineffective assistance of counsel, a petitioner must show that the attorney's performance fell below an objective standard of reasonableness and that he suffered prejudice as a result. See Murray, 477 U.S. at 488; Strickland, 466 U.S. at 687. In order to demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack, a petitioner must show actual innocence by clear and convincing evidence. See Murray, 477 U.S. at 496.

Construing the *pro se* pleading liberally, Petitioner appears to argue that counsel's ineffective assistance constitutes cause to excuse the procedural default of this claim. However, Petitioner has failed to demonstrate ineffective assistance of counsel for the reasons set forth in Claim (2), *infra*, so counsel's alleged ineffectiveness cannot excuse his procedural default.

Petitioner does not assert actual innocence and such a claim would be precluded by his numerous statements of record that he is guilty. See Blackledge v. Allison, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of

9

conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible."); United States v. Lemaster, 403 F.3d 216, 221–22 (4th Cir. 2005) (§ 2255 petitioner's sworn statements during the plea colloquy conclusively established that his plea agreement and waiver were knowing and voluntary). Therefore, Petitioner's claim of an involuntary plea is procedurally defaulted, and no exception applies. Accordingly, this claim is dismissed with prejudice.

Even if it were not procedurally defaulted, this claim would fail on the merits because the record reveals that the plea was knowingly, freely, and voluntarily entered. Before accepting a guilty plea, a district court must conduct a plea colloquy in which it informs the defendant of, and determines if the defendant comprehends, the nature of the charge to which he is pleading guilty, the maximum possible penalty he faces, any mandatory minimum penalty, and the rights he is relinquishing by pleading guilty. Fed. R. Crim. P. 11(b)(1); United States v. DeFusco, 949 F.2d 114, 116 (4th Cir. 1991). A court must also ensure that the plea is supported by an independent factual basis and is not the result of force, threats, or promises outside the plea agreement. Fed. R. Crim. P. 11(b)(2), (3).

Here, the Court complied with Rule 11 by confirming that Petitioner understood the charges, his sentencing exposure, and the rights he was relinquishing by pleading guilty. Petitioner's present contentions that there was no factual basis for the plea and that he was not advised of the constitutional rights he would be waiving, the elements of the charges, and the nature of the charges, are refuted by the plea agreement, factual proffer, and Petitioner's statements in open court. Petitioner was read the relevant statutes and elements of the offense in open court; he agreed that he understood the charges and discussed them with counsel; and he acknowledged the rights he was waiving by pleading guilty. His present self-serving and unsupported claims to the contrary are therefore rejected. See Lemaster, 403 F.3d at 221-22 ("in the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements.").

Therefore, this claim is dismissed with prejudice and, alternatively, would fail on the merits.

### B. Ineffective Assistance of Counsel Claim

Petitioner appears to allege that counsel provided ineffective assistance with regards to the guilty plea. Petitioner alleges, *in toto,* "[t]he defendant was denied the right to effective assistance of counsel." (Doc. No. 1 at 1). He provides no factual allegations whatsoever to show counsel performed deficiently. See generally United States v. Dyess, 730 F.3d 354 (4th Cir. 2013) (vague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the district court). Nor does he allege that he was prejudiced in that he would not have pled guilty but for counsel's allegedly deficient performance. See Hill, 474 U.S. at 59; Meyer, 506 F.3d at 369. This claim is therefore facially insufficient to demonstrate ineffective assistance of counsel and is therefore denied.

### IV. CONCLUSION

For the foregoing reasons, Petitioner's "Motion to Withdraw Guilty Plea," which the Court construes as a Motion to Vacate pursuant to 28 U.S.C. § 2255, is denied and dismissed.

Pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable

jurists would find the district court's assessment of the constitutional claims debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

**IT IS, THEREFORE, ORDERED** that Petitioner's "Motion to Withdraw Guilty Plea," which the Court construes as a Motion to Vacate pursuant to 28 U.S.C. § 2255 [Doc. 1], is **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed: March 30, 2018

Martin Reidinger
United States District Judge